IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DON LANG | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv481 |
| CITY OF PORT ARTHUR, ET AL. | § | |

MEMORANDUM OPINION

Plaintiff Don Lang, an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings the above-styled lawsuit against the City of Port Arthur, Mark Blanton, and Reagan Sweat. [1]

Discussion

Plaintiff complains of the denial of due process and slander regarding a police report written by defendant Sweat which plaintiff claims is conclusory and insufficient to establish his good faith for purposes of qualified immunity. Plaintiff claims the City of Port Arthur "may be liable for wrongfully affixing seal to that offense report." Plaintiff claims defendants Sweat and the City of Port Arthur were acting under the color of law on July 15, 2007 and during the subsequent criminal proceedings, depriving plaintiff of his civil rights. Defendant Mark Blanton is the Chief of Police for the City of Port Arthur, Texas.

Along with his complaint, plaintiff submitted an application to proceed *in forma pauperis* in this action.

---

[1] This case was directly assigned to the undersigned magistrate judge pursuant to this district's General Order 14-10. Plaintiff has provided voluntary written consent to have the assigned United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment in accordance with 28 U.S.C. § 636(c). The defendants in this action have not been served; thus, they are not parties to the action at this time. Therefore their consent is not needed to make a final determination in the case. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least three of plaintiff's prior suits or appeals have been dismissed as frivolous, malicious, or for failure to state a claim.[2] As a result, Section 1915(g) is applicable. The allegations set forth in plaintiff's complaint do not demonstrate that he was in "imminent danger of serious physical injury." Section 1915(g) therefore bars plaintiff from proceeding with this lawsuit on an *in forma pauperis* basis.

Conclusion

For the reasons set forth above, plaintiff is barred from proceeding on an *in forma pauperis* basis. Accordingly, the above-styled action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this  17   day of       November      , 2014.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Lang v. United States*, 1:14cv154 (E.D. Tex. July 14, 2014)(dismissed as frivolous and for failure to state a claim); *Lang v. Monroe*, 5:10cv676 (W.D. Tex. Mar. 7, 2011) (dismissed as frivolous, for failure to state a claim, and because he sought monetary damages from immune defendants); and *Lang v. Sweat*, Civil Action No. 1:12cv48 (E.D. Tex. May 21, 2012) (dismissed as frivolous and failure to state a claim)..